UNITED STATES DISTRICT COURT     **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-2702-DMG (PJWx)** | Date | June 2, 2020 |
|---|---|---|---|

| Title | *Carlos Arteaga v. FCA US LLC, et al.* | Page | 1 of 5 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND [12]**

This matter is before the Court on the Motion to Remand ("MTR") filed by Plaintiff Carlos Arteaga. [Doc. # 12.] Defendant FCA US LLC ("FCA") filed its opposition on May 15, 2020. [Doc. # 15.][1] For the reasons set forth below, the MTR is **GRANTED**.

## I.
## BACKGROUND

On February 14, 2020, Plaintiff filed a complaint in Los Angeles County Superior Court against FCA, alleging violations of California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), Cal. Civ. Code § 1790 *et seq.*, and fraudulent concealment. Notice of Removal, Ex. A ("Compl.") [Doc. # 1-2]. Plaintiff's allegations arise from his purchase of a 2016 Dodge Challenger ("the Vehicle"), which was manufactured or distributed by FCA. *Id.* at ¶ 8. Plaintiff also brings a claim for negligent repair against the dealership that performed maintenance and repair services on the car, Dependable Chrysler Dodge Jeep Ram ("Dependable"). *Id.* at ¶¶ 165–169.

On March 23, 2020, FCA removed the case to this Court, asserting diversity jurisdiction. *See* Notice of Removal [Doc. # 1]. On May 6, 2020, Plaintiff filed his MTR. [Doc. # 12.]

## II.
## LEGAL STANDARD

Diversity jurisdiction under 28 U.S.C. section 1332 requires that the parties to a suit be of diverse citizenship. *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806)). "A defendant seeking

---

[1] Plaintiff filed a reply brief for a different case at Doc. # 17. Since a reply brief is not a required document, *see* C.D. Cal. R. 7-10, the Court finds this matter appropriate for disposition, having read and considered the Motion and the Opposition.

UNITED STATES DISTRICT COURT     **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-2702-DMG (PJWx)** | Date | June 2, 2020 |
|---|---|---|---|
| Title | *Carlos Arteaga v. FCA US LLC, et al.* | Page | 2 of 5 |

removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted).

"[T]here is a general presumption against fraudulent joinder." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Yet, fraudulently joined defendants do not defeat removal on diversity grounds. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).

When contesting removal, a plaintiff is limited to the allegations stated in his complaint. *See Ritchey*, 139 F.3d at 1318 (to determine whether joinder of a defendant is fraudulent, district courts must "look only to a plaintiff's pleadings to determine removability" and "will determine the 'existence of federal jurisdiction . . . solely by an examination of the plaintiff's case.'") (citations omitted). A defendant opposing remand may introduce evidence beyond the pleadings to establish fraudulent joinder. *Id.* (citing *McCabe*, 811 F.2d at 1339). If there is even "a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)). To that end, "[r]emand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure [the] purported deficiency." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (citation and internal quotation marks omitted); *see also Rangel v. Bridgestone Retail Ops., LLC*, 200 F. Supp. 3d 1024, 1033 (C.D. Cal. 2016) (same).

UNITED STATES DISTRICT COURT  **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-2702-DMG (PJWx)** | Date | June 2, 2020 |
| Title | *Carlos Arteaga v. FCA US LLC, et al.* | Page | 3 of 5 |

# III.
# DISCUSSION

Plaintiff asserts that the Court lacks subject matter jurisdiction under 28 U.S.C. section 1332 because the parties are not completely diverse. FCA is a Delaware limited liability company with its principal place of business in Michigan. Notice of Removal at ¶ 28. Dependable is a Delaware corporation with its principal place of business in California. *Id.* at ¶ 30. Plaintiff is a California citizen. *Id.* at ¶ 27. FCA contends that the Court should disregard Dependable for diversity purposes because Dependable was fraudulently joined to eliminate the Court's jurisdiction.[2] In the alternative, FCA asks the Court to exercise discretion under Federal Rule of Civil Procedure 21 to sever Dependable from this action. *See* Opp. at 28–29.[3]

**A.  Fraudulent Joinder**

FCA argues that Plaintiff fraudulently joined Dependable because (1) Plaintiff failed to adequately plead his claim against Dependable, and (2) the economic loss rule bars Plaintiff's negligent repair claim against Dependable. Neither of these arguments is persuasive.

First, FCA argues that Plaintiff does not state a viable claim for negligent repair against Dependable. Plaintiff alleges that Dependable failed "to properly store, prepare and repair" the Vehicle, but he does not allege facts regarding the date of service and conduct of Dependable. Compl. at ¶ 168. But, as stated above, "[r]emand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency." *Padilla*, 697 F. Supp. 2d at 1159. Even assuming that Plaintiff's negligent repair claims are insufficiently pled, FCA has not shown that, given California's liberal amendment standard, Plaintiff would not be granted the chance to amend his complaint. *See Howard v. County of San Diego*, 184 Cal. App. 4th 1422, 1428 (2010) (stating that a California "court's

---

[2] FCA also contends that the Court should disregard Plaintiff's MTR because it does not meet the requirements of Local Rule 7-3. Opp. at 9–10. Local Rule 7-3 requires "counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution," so that parties might "eliminate[] the necessity for a hearing." C.D. Cal. R. 7-3; *see Hernandez v. Sessions*, 872 F.3d 976, 1000 n.29 (9th Cir. 2017) (stating that Local Rule 7-3 is "an administrative mechanism to reduce unnecessary burdens on the district court's resources"). The Court finds that Plaintiff substantially complied with Local Rule 7-3, since Plaintiff advised FCA of his intent to move for remand on April 17, 2020, 19 days before filing his motion to remand. Dolin Decl. at ¶ 3, Ex. 1 [Doc. # 12-3]; *see Colodney v. County of Riverside*, 651 F. App'x 609, 611 (9th Cir. 2016) (finding that the district court did not abuse its discretion by declining to find a violation of Local Rule 7-3 where counsel e-mailed the opposing side in an attempt to meet and confer seven days before filing a motion).

[3] All page references herein are to page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-2702-DMG (PJWx)** | Date | June 2, 2020 |
|---|---|---|---|
| Title | *Carlos Arteaga v. FCA US LLC, et al.* | Page | 4 of 5 |

discretion will usually be exercised liberally to permit amendment of the pleadings"). Thus, FCA failed to meet its heavy burden to show that it would be impossible for Plaintiff to state a viable cause of action against a non-diverse defendant. *See Grancare*, 889 F.3d at 550 (stating that a district court must consider "whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend.").

Second, the economic loss rule does not bar Plaintiff's negligent repair claim. The economic loss rule "requires a purchaser to recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise." *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004). The rule exists to prevent "the law of contract and the law of tort from dissolving one into the other." *Id*.

California courts recognize several exceptions to the rule, such as when subcomponents cause damage to the whole. The economic loss rule allows recovery in tort "when a product defect causes damage to 'other property,' that is, property *other than the product itself*," whereas "[t]he law of contractual warranty governs damage to the product itself." *Jimenez v. Superior Court*, 29 Cal. 4th 473, 483 (2002). Plaintiff alleges that this exception applies because problems with various components, such as the electrical system and transmission, "impair[ed] the use, value, or safety of the Vehicle." Compl. at ¶ 10. The economic loss rule does not bar recovery in tort for damages that these components cause to the Vehicle in which they have been incorporated. *Sabicer v. Ford Motor Co.*, 362 F. Supp. 3d 837, 841 (C.D. Cal. 2019). Whether or not the defects alleged by Plaintiff actually harmed the value or safety of the Vehicle is a question of fact that the Court does not resolve at the pleading stage.

Furthermore, California courts also recognize an exception to the economic loss rule where the contract at issue is for services, rather than goods. *See N. Am. Chem. Co. v. Superior Court*, 59 Cal. App. 4th 764, 780–81 (1997). In such cases, negligent failure to competently perform contractual duties "may be both a breach of contract and a tort." *Id.* at 774; *see also Ladore v. Sony Comput. Entm't Am., LLC*, 75 F. Supp. 3d 1065, 1075 (N.D. Cal. 2014) (citing *N. Am. Chem. Co.* and recognizing that the economic loss rule does not bar recovery in tort arising from a contract for services). This Court has found that California law regarding exceptions to the economic loss rule is "not well-settled." *Gayou v. Ford Motor Co.*, No. CV 18-10407-DMG (JEMx), 2019 WL 1325846, at *3 (C.D. Cal. Mar. 25, 2019). The Court therefore cannot say that, as a matter of California law, it would be impossible for Plaintiff to bring a tort claim for negligent repair based on a contract for services. Even if Plaintiff did not adequately plead the service-contract exception to the economic loss rule in his original complaint, Plaintiff is not barred from amending his complaint. *See Grancare*, 889 F.3d at 549.

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-2702-DMG (PJWx)** | Date | June 2, 2020 |
| Title | *Carlos Arteaga v. FCA US LLC, et al.* | Page | 5 of 5 |

**B.**     **Rule 21 Severance**

FCA also requests, in the alternative, that the Court exercise its discretion under Federal Rule of Civil Procedure 21 to sever Dependable from this case. Opp. at 28–29. A district court has "discretionary power to perfect its diversity jurisdiction by dropping a nondiverse party." *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980). But the discretion to dismiss a party "is not a requirement that [courts] do so." *Mendoza v. Nordstrom*, 865 F.3d 1261, 1266 (9th Cir. 2017). Indeed, the discretion to sever a party under Rule 21 should be "exercised sparingly after considering whether such dismissal will prejudice any of the parties in the litigation." *Sabicer*, 362 F. Supp. 3d at 842 (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989)). The Court finds that it would be inappropriate to sever Dependable from the case because Plaintiff's claims against FCA and Dependable are "sufficiently intertwined, factually and legally, that severance would be inconvenient and inefficient." *Id.* In the interest of judicial efficiency, and to save the parties from duplicating their litigation efforts, the Court declines to sever Dependable from the action.

In sum, FCA has failed to show that Dependable is fraudulently joined in this action. Accordingly, the Court cannot disregard Dependable's citizenship. Because the Plaintiff and Dependable are non-diverse, the Court lacks subject matter jurisdiction and need not consider Plaintiff's additional argument that the amount in controversy requirement is not met. The action must therefore be remanded to the Los Angeles County Superior Court. *See* 28 U.S.C. § 1447(c).

**IV.**
**CONCLUSION**

In light of the foregoing, Plaintiff's MTR is **GRANTED**. The case is hereby **REMANDED** to the Los Angeles County Superior Court. The June 5, 2020 hearing is **VACATED**.

**IT IS SO ORDERED**.